**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**TRE ROBERT ALLEN ACKERSON,**

**Defendant.**

**Case No. 21-CR-21-GKF**

**Plea Agreement Pursuant to**
**Federal Rule of Criminal Procedure 11(c)(1)(C)**

The United States of America, by and through Clinton J. Johnson, United States Attorney for the Northern District of Oklahoma, and Justin G. Bish, Assistant United States Attorney, and the defendant, **TRE ROBERT ALLEN ACKERSON**, in person and through counsels, James J. McHugh and Hunter S. Labovitz, respectfully inform the Court that they have reached the following plea agreement, pursuant to Fed. R. Crim. P. 11(c)(1)(C).

**1. <u>Plea</u>**

The defendant agrees to enter a voluntary plea of guilty to the following:

**18 U.S.C. §§ 1151, 1152, and 1111 – Murder in the Second Degree**

as set forth in the Information in the instant case, Northern District of Oklahoma, and admits to being in fact guilty as charged in the count to which the defendant is pleading guilty.

**2. Waiver of Constitutional Rights**

The defendant understands that, by pleading guilty, the following constitutional rights will be relinquished:

a. the right to be indicted if proceeding by Information;

b. the right to plead not guilty;

c. the right to be tried by a jury, or, with the consent of the government, to be tried by a judge;

d. the right to an attorney at trial, including a court-appointed attorney if the defendant could not afford an attorney;

e. the right to assist in the selection of the jury;

f. the right to be presumed innocent, and to have the jury instructed that the government bears the burden to prove the defendant guilty beyond a reasonable doubt and by a unanimous verdict;

g. the right to confront and cross-examine witnesses against the defendant;

h. the right to testify on their own behalf and present witnesses in their defense;

i. the right not to testify, and to have the jury instructed that the decision not to testify could not be used against the defendant;

j. the right to appeal a guilty verdict to determine if any errors had been committed during trial that would require either a new trial or a dismissal of the charges;

k. the right to have a jury determine beyond a reasonable doubt any facts that could increase any mandatory minimum or maximum sentence; and

l. any rights and defenses under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

By pleading guilty, the defendant will be giving up all of these rights. By pleading guilty, the defendant understands that they may have to answer questions posed by the Court, both about the rights that the defendant will be giving up and the factual basis for the defendant's plea.

**3. <u>Appellate and Post-Conviction Waiver</u>**

In consideration of the promises and concessions made by the government in this plea agreement, the defendant knowingly and voluntarily agrees to the following terms:

a. The defendant waives rights under 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a) to directly appeal the conviction and sentence, including any fine, assessment, forfeiture, restitution order, term or condition of supervised release, or sentence imposed upon a revocation of supervised release; except that the defendant reserves the right to appeal from a sentence that exceeds the statutory maximum;

b. The defendant expressly acknowledges and agrees that the government reserves all rights to appeal the sentence;

c. The defendant waives the right to appeal from the district court's denial of any post-conviction motion to reduce the term of imprisonment, supervised release, or probation, under 18 U.S.C. §§ 3582(c), 3583(e)(1), or 3564(c); and

d. The defendant waives the right to collaterally attack the conviction and sentence under 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except for claims of ineffective assistance of counsel.

The defendant expressly acknowledges that counsel has explained his appellate and post-conviction rights; that the defendant understands his rights; and that the defendant knowingly and voluntarily waives those rights as set forth above.

**TRE ROBERT ALLEN ACKERSON**

**4. Departure and Variance Waiver**

In consideration of the promises and concessions made by the government in this plea agreement, the defendant knowingly and voluntarily agrees not to request, recommend, or file a sentencing memorandum or a variance or departure motion seeking any sentence below that agreed upon by the parties pursuant to Rule 11(c)(1)(C).

**5. Freedom of Information Act Waiver**

The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**6. Rule 11 Rights Waiver**

The defendant knowingly and expressly waives all the rights afforded under Rule 11(f) of the Federal Rules of Criminal Procedure. Therefore, in any subsequent

proceeding, including a criminal trial, the following shall be admissible against the defendant under Rule 801(d)(2)(A) of the Federal Rules of Evidence:

a. A guilty plea that is later withdrawn or that the defendant seeks to withdraw, unless done pursuant to Fed. R. Crim. P. 11(c)(1)(C);

b. The facts that the defendant has admitted under this plea agreement, as well as any facts to which the defendant admits in open court at the plea hearing, and any statement made in any proceeding under Rule 11 regarding this plea agreement; and

c. Any statement made during plea discussions with an attorney or agent for the government, or that were made pursuant to a proffer letter agreement, that resulted in a plea of guilty that is later withdrawn, unless done pursuant to Fed. R. Crim. P. 11(c)(1)(C).

**7. Payment of Monetary Penalties**

a. *Enforcement*

1) The defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613.

2) The defendant understands and agrees that under 18 U.S.C. § 3613 any monetary penalties or restitution imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule is a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

3) The defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court.

4) The defendant agrees that any unpaid obligations will be submitted to the United States Treasury for offset, so that any federal payment or transfer of

returned property the defendant receives may be applied to federal debts and will not be limited by a payment schedule.

5) The defendant agrees that any restitution debt may not be discharged in any bankruptcy proceeding.

b. *Disclosure of Financial Information*

1) The defendant agrees to provide complete information regarding all victims potentially entitled to restitution.

2) The defendant agrees to provide truthful and complete financial information, as requested by the United States Probation Office for the preparation of the presentence report.

3) The defendant agrees to complete, under penalty of perjury, the required financial statement form not later than two weeks after the Court accepts this plea agreement. The defendant agrees to update any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

4) The defendant agrees to submit, before and after sentencing, to depositions and interviews regarding the defendant's financial status, as deemed necessary by the United States Attorney's Office.

5) The defendant authorizes the United States Attorney's Office to obtain the defendant's credit report. The defendant also agrees to provide waivers, consents, or releases, valid for 120 days after sentencing, to allow the U.S. Attorney's Office to access records to verify financial information.

6) The defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

7) The defendant's failure to timely and accurately complete and sign the financial statement, and any necessary updates, may, in addition to any other penalty or remedy, constitute a failure to accept responsibility under U.S.S.G § 3E1.1.

8) The defendant agrees to pay the special assessment in full before sentencing and to provide proof of that payment.

Defendant's Initials

c. *Mandatory Restitution*

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, the Court must order that the defendant pay restitution to the following victim of the offense of conviction as set forth in paragraph 1 of this Plea Agreement:

| | |
|---|---|
| Jolene Walker Campbell<br>Joplin, MO | $TBD |

The defendant agrees to pay restitution for the full amount of the victim's loss. The defendant further agrees to pay restitution in the following amounts to the following victims, regardless of whether the losses suffered by these victim's resulted from the offense of conviction, and consents to the Court entering a corresponding restitution order pursuant to 18 U.S.C. § 3663A(a)(3) or 18 U.S.C. § 3663A(c)(2):

| | |
|---|---|
| M.M.<br>Joplin, MO | $TBD |
| K.L.<br>Joplin, MO | $TBD |
| C.J.<br>Carthage, MO | $TBD |
| A.T.<br>Carthage, MO | $TBD |

The defendant further agrees that any amount ordered by the Court to be paid as restitution may not be discharged, in whole or in part, in any bankruptcy proceeding.

Revised 10-21-22

Defendant's Initials

**8. Special Assessment**

The defendant hereby agrees to pay the total Special Monetary Assessment ($100 per felony count) to the United States District Court Clerk before the sentencing hearing or as otherwise directed by the District Court.

**9. Factual Basis and Elements**

To convict the defendant under 18 U.S.C. §§ 1151, 1152, and 1111, the government must prove the following elements beyond a reasonable doubt:

a. The defendant unlawfully killed a person;

b. The defendant killed with malice aforethought;

c. The defendant is a non-Indian;

d. The victim is an Indian; and

e. The killing took place within Indian Country in the Northern District of Oklahoma

With regard to the factual basis required by Federal Rule of Criminal Procedure 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce such evidence.

The defendant, **TRE ROBERT ALLEN ACKERSON**, admits to knowingly, willfully and intentionally committing or causing to be committed the acts

constituting the crime alleged in Count One in the instant Information, and confesses to the Court that the defendant is, in fact, guilty of such crime.

I, **TRE ROBERT ALLEN ACKERSON**, admit that on or about July 5, 2020, within Indian Country in the Northern District of Oklahoma, I unlawfully killed a human being, Jolene Walker Campbell. Specifically, I intentionally shot Jolene Walker Campbell twice with a firearm, cut her throat with a knife, and hit her head several times with a tire jack until she died from the injuries. Although I did not act with premeditation, I acted with malice aforethought, which is to say I killed Jolene Walker Campbell deliberately and intentionally.

I committed the killing at 5884 W. 620 Road, Chouteau, Oklahoma 74337, and more specifically, at GPS coordinates 36.126622, -95.368597 just north of that physical address. I acknowledge that this location is in the Northern District of Oklahoma. I further acknowledge that this location lies within the boundaries of the Muskogee (Creek) Nation and therefore is in Indian Country as defined by federal law. I also acknowledge that I am a non-Indian and Jolene Walker Campbell is an enrolled member of the Osage Nation and therefore an Indian, as that term is defined by federal law.

Following the killing, I admit that I participated in multiple attempts from July 5, 2020 to on or about the date of the Fourth Superseding Indictment filed in this case, to obstruct, threaten, and tamper with witnesses that had information relating to the kidnapping and murder of Jolene Walker Campbell to avoid prosecution.

**TRE ROBERT ALLEN ACKERSON**
Defendant

9/12/2023
Date

**10. <u>Further Prosecution</u>**

The United States shall not initiate additional criminal charges against the defendant in the Northern District of Oklahoma that, as of the date of the defendant's acceptance of this agreement, arise from its investigation of the

Defendant's Initials

defendant's actions and conduct giving rise to the instant Information, save and except crimes of violence and criminal acts involving violations investigated by the United States Internal Revenue Service. The defendant understands, however, that this obligation is subject to all "Limitations" set forth below, and that the United States Attorney's Office for the Northern District of Oklahoma is free to prosecute the defendant for any illegal conduct (*i.e.*, violation of federal criminal laws) not discovered by or revealed to the government during its investigation or occurring after the date of this agreement.

**11. <u>Dismissal of Remaining Counts</u>**

If the Court finds the defendant's plea of guilty to be freely and voluntarily made and accepts the plea, then the United States will move, at the appropriate time, to dismiss the remaining counts in the instant case, if any, as to this defendant.

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, except as provided in Fed. R. Crim. P. 11(c)(1)(C), or, if the district court rejects this plea agreement or fails to impose the sentence agreed upon by the parties under Fed. R. Crim. P. 11(c)(1)(C), any charges that were to be dismissed or have been dismissed pursuant to this plea agreement may be reinstated or re-presented to a grand jury, and the government will be free to prosecute the defendant for all charges. Under these circumstances, the defendant waives any right to argue that the Double Jeopardy clause bars the defendant's federal prosecution, as well as any objections, motions, or defenses based upon the applicable statute of limitations, the

Defendant's Initials

Speedy Trial Act, or constitutional restrictions as to the timeliness of any renewed charges.

**12. Acceptance of Responsibility**

Provided the defendant clearly demonstrates acceptance of responsibility, the government agrees to recommend a two-level reduction in offense level pursuant to U.S.S.G. § 3E1.1. The government agrees to file a motion recommending that the Court grant an additional one-level reduction under U.S.S.G. § 3E1.1(b), if the defendant's Guidelines offense level qualifies him for such a reduction. The sentencing judge is in a unique position to evaluate the acceptance of responsibility, and the Court will ultimately decide whether to apply any § 3E1.1 reduction for timely acceptance of responsibility.

Any agreement to recommend an acceptance-of-responsibility reduction is contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the government. If the defendant (1) falsely denies, or makes conflicting statements as to, his involvement in the crime to which he is pleading, (2) falsely denies or frivolously contests conduct that the Court determines to be relevant conduct as defined in USSG § 1B1.3, (3) willfully obstructs or attempts to obstruct or impede the administration of justice as defined in USSG § 3C1.1, (4) perpetrates or attempts to perpetrate crimes while awaiting sentencing, or (5) advances false or frivolous issues in mitigation, the government expressly reserves

the right to withdraw any recommendation regarding acceptance of responsibility without breaching the agreement.

**13. Sentence**

a. *Imprisonment*

The defendant acknowledges that under 18 U.S.C. §§ 1151, 1152, and 1111, the maximum statutory sentence is LIFE imprisonment, and a fine of not more than $250,000.

b. *Supervised Release*

Additionally, the defendant is aware, if imprisonment is imposed, that the Court may include as part of the sentence a requirement that after imprisonment the defendant be placed on a term of supervised release of not more than 5 years. Violation of any condition of supervised release may result in revocation, or modification of the conditions, of supervised release, which may in turn result in additional incarceration consistent with 18 U.S.C. § 3583(e).

c. *Guidelines*

The defendant is aware that the Sentencing Guidelines are advisory. The Court, while not bound to apply the Sentencing Guidelines, must consult those Guidelines and take them into account when sentencing.

**14. Stipulations**

The defendant and the United States agree and stipulate to the following facts:

a. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the appropriate disposition in this case is a sentence of at least 300 months (25 years) of imprisonment up to, and including, 600 months (50 years) of imprisonment. This stipulated sentence is within the anticipated guideline calculation for the violation to which the defendant is pleading guilty. The parties have considered various factors in fashioning this sentence, including: the defendant's acceptance of responsibility, the strength of the evidence, judicial economy, the interests of justice, the emotional toll a trial may have on the victim's family, and the certainty of conviction. The parties have also considered possible aggravating and mitigating factors in this case, including the violent nature of the attack on, and the injuries to, the victim; the defendant's current age of 27 years; and the defendant's history of psychological distress and substance abuse.

The parties have also considered that proceeding to trial in this case presents risk to both parties. For the defendant, this risk includes that the jury may find him guilty of first-degree murder and that he will receive a sentence of mandatory life imprisonment. For the government, this risk includes that the jury may not make the inferential connections necessary to find that the defendant acted with premeditation and may find him not guilty of first-degree murder. Resolving the case in the manner stipulated in this plea agreement obviates the need for trial, relieving the risk on both parties.



Revised 10-21-22

Defendant's Initials

Additionally, the parties agree and stipulate that the defendant obstructed and impeded the administration of justice after the kidnapping and murder when he tampered with and threatened witnesses that may have had information relating to the kidnapping and murder to prevent witnesses from speaking to law enforcement. Therefore, the parties stipulate that a two-level enhancement under U.S.S.G. § 3C1.1 applies in this case.

For these reasons, a sentence of at least 300 months (25 years) of imprisonment up to, and including, 600 months (50 years) of imprisonment meets the sentencing goals for this type of case and this defendant. The parties agree upon this sentence regardless of any advisory Sentencing Guidelines calculations.

b. The parties agree that the Court must either accept this plea agreement and impose the sentence agreed upon in the previous subparagraph or reject this plea agreement and allow the defendant to withdraw his plea of guilty. If the court accepts this plea agreement and nonetheless fails to impose the agreed-upon sentence, this agreement will be void, and either the defendant or the government may appeal the Rule 11 violation, the sentence imposed, or both. If the court rejects the plea agreement, but the defendant elects not to withdraw his plea of guilty, this agreement will be void, and the government may argue for a sentence above the agreed-upon range, reinstate or re-present to a grand jury any charges that were dismissed or were to be dismissed pursuant to this agreement, and appeal the sentence imposed. If the defendant has pleaded guilty to any lesser-included offense,

the Court's rejection of this plea agreement or failure to impose the agreed-upon sentence will result in reinstatement of the greater offense.

Having been fully apprised by defense counsel of the right to seek compensation pursuant to Public Law 105-119, the defendant **WAIVES** that right, and stipulates that defendant is not a "prevailing party" in connection with this case.

**15. Limitations**

This plea agreement shall be binding and enforceable upon the Office of the United States Attorney for the Northern District of Oklahoma, but in no way limits, binds or otherwise affects the rights, powers, duties or obligations of any state or local law enforcement agency, administrative or regulatory authorities, civil or administrative enforcement, collection, bankruptcy, adversary proceedings or suits which have been or may be filed by any governmental entity, including without limitation, the Internal Revenue Service, the Tax Division of the Department of Justice and the trustee in bankruptcy.

**16. Breach of Agreement**

In the event either party believes the other has failed to fulfill any obligations under this agreement, then the complaining party shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations herein. The Court shall determine whether a party has completely fulfilled all its obligations under this agreement in an appropriate proceeding at which any disclosures and documents provided by either party shall be admissible and at which the complaining party shall

Defendant's Initials

be required to establish any breach by a preponderance of the evidence. If the Court determines that the defendant has breached the plea agreement, the government may declare this agreement null and void, and the defendant will be subject to prosecution for any criminal violation, including but not limited to any crimes or offenses contained in or relating to the charges in this case, as well as false statement, obstruction of justice, or any other crime committed by the defendant during this prosecution.

The defendant hereby **WAIVES** any right under Rule 11(d) and (e) of the Federal Rules of Criminal Procedure to withdraw from the guilty plea or this agreement, save and except under circumstances where the Court rejects the plea agreement under Rule 11(c)(5), except if the Court determines that the government has breached the plea agreement as set forth above, and except as provided in Fed. R. Crim. P. 11(c)(1)(C).

Except as provided in Fed. R. Crim. P. 11(c)(1)(C), if **TRE ROBERT ALLEN ACKERSON**, after entry of a plea of guilty, unsuccessfully attempts to withdraw that guilty plea, the government may continue to enforce the agreement but will no longer be bound by any particular provision in this agreement, unless the Court determines that the government acted in bad faith to bring about the attempted plea withdrawal.

**17. <u>Conclusion</u>**

No agreements, representations or understandings have been made between the parties in this case, other than those which are explicitly set forth in this plea agreement and the Plea Agreement Supplement that the United States will file in this case (as it does in every case, even if there are no additional terms) and none will be entered into unless executed in writing and signed by all of the parties.

SO AGREED:

CLINTON J. JOHNSON
UNITED STATES ATTORNEY

JUSTIN G. BISH
Assistant United States Attorney

9/12/23
Dated

JAMES J. MCHUGH
HUNTER S. LABOVITZ
Attorneys for Defendant

9/12/23
Dated

TRE ROBERT ALLEN ACKERSON
Defendant

9-12-2023
Dated

Revised 10-21-22

Defendant's Initials

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

TRE ROBERT ALLEN ACKERSON
Defendant

9 12 2023
Dated

I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Information. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

JAMES J. MCHUGH
HUNTER S. LABOVITZ
Counsels for Defendant

9/12/23
Dated

Revised 10-21-22

Defendant's Initials